## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

ASHJIN, LLC d/b/a THE HOT ROOM,

      *Plaintiff*,

*v.*

STUDIO H YOGA L.C. d/b/a HOT
ROOM ANN ARBOR,

      *Defendant.*

Civil Action No: **2:23-cv-11695**

**Judge:**

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff Ashjin, LLC doing business as The Hot Room ("Plaintiff"), for its Complaint against defendant Studio H Yoga L.C. doing business as Hot Room Ann Arbor ("Defendant"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

1.    This is an action for infringement of Plaintiff's federally-registered trademark THE HOT ROOM (word) (U.S. Registration No. 4715758) ("Plaintiff's Mark" or "HOT ROOM Mark") that was registered with the U.S. Patent and Trademark Office ("USPTO") on April 7, 2015 and common law trademark rights associated with the same marks under Section 32 of the Lanham Act, 15 U.S.C. § 1114(1); for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and for substantial and related claims of trademark infringement under the common laws of the State of Michigan, all arising

from the Defendant's use of Plaintiff's HOT ROOM trademark. In particular, Plaintiff's HOT ROOM Mark as used in connection with educational services in the nature of conducting classes, seminars, conferences, and teaching training in the fields of yoga instruction, yoga practice, and physical fitness, among other related services, that have been in the marketplace since at least as early as 2013. Defendant's use of the HOT ROOM Mark directly associated with competing services is highly likely to cause consumer confusion and dilute Plaintiff's rights therein. Plaintiff seeks permanent injunctive relief and an award of profits and actual damages, attorneys' fees, among other remedies, for Defendant's unlawful conduct.

## THE PARTIES

2.      Plaintiff Ashjin, LLC doing business as The Hot Room ("Plaintiff") is an Indianapolis limited liability company located at 305 East New York Street, Indianapolis, Indiana 46204.

3.      Since 2013, Plaintiff has been offering for sale, selling, advertising, promoting, and conducting educational and training services for the practice of yoga and other physical fitness activities, wherein Plaintiff has exclusively used the HOT ROOM Mark for which it has garnered considerable goodwill in and rights thereto.

4.      Upon information and belief, Studio H Yoga L.C. doing business as Hot Room Ann Arbor ("Defendant") is a Michigan limited liability company having

a principal place of business located at 3227 Washtenaw Ave, Suite B, Ann Arbor, Michigan 48104.

5.      Upon information and belief, Defendant has offered for sale, sold, advertised, promoted, and conducted educational and training services relating to yoga and other physical fitness activities since 2018, services of which are identical to and directly competing with Plaintiff's Services.

## JURISDICTION AND VENUE

6.      This action arises and is brought under the Lanham Act, 15 U.S.C. §§ 1125 and 1114, *et seq.* and Michigan common law.

7.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 because the action arises under the federal Lanham Act, 15 U.S.C. §§ 1125 and 1114, *et seq.* This Court also has subject matter jurisdiction pursuant to 32 U.S.C. § 1332(a) based upon diversity of citizenship of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.      This Court has personal jurisdiction over the Defendant because the Defendant's use of the HOT ROOM Mark is identical to and willfully infringing Plaintiff's HOT ROOM Mark and is likely to cause harm in this state and district, and Defendant is subject to personal jurisdiction herein.

9.      This Court also has supplemental jurisdiction over Defendants pursuant to 28 U.S.C. §1367.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c)(2) because of this Court's personal jurisdiction over Defendant. Defendant's use of the HOT ROOM Mark is infringing Plaintiff's HOT ROOM Mark and is likely to cause harm in this state and district, and Defendant is subject to personal jurisdiction herein.

## FACTS

### A.   Plaintiff's HOT ROOM Mark

11.     Plaintiff was formed in 2012, and is headquartered in Indianapolis, Indiana. Plaintiff has offered services in the nature of conducting classes, seminars, conferences, and teaching training in the fields of yoga instruction, yoga practice, and physical fitness, among other related services since at least as early as October 2013, the services of which are currently and extensively are marketed, advertised, and promoted at https://thehotroom.com/, through various social media accounts that are in "The Hot Room" name, as well as through several brick and mortar physical locations throughout the Midwest of the United States.

12.     Plaintiff's Services are marketed, advertised, and promoted in the United States. Due to Plaintiff's longstanding use, Plaintiff is well-known in the yoga industry as a leading provider of such services.

13.     Plaintiff is the owner of valid and subsisting United States Trademark Registration for the mark THE HOT ROOM (word) (U.S. Registration No. 4715758)

on the USPTO Principal Register for *Educational services, namely, conducting classes, seminars, conferences, and teaching training in the fields of yoga instruction, yoga philosophy, yoga theory and practice, yoga therapy, marketing of yoga instruction, physical fitness, meditation, mental training and discipline, and health, and distributing course materials in connection therewith* in International Class 41 (collectively, "Plaintiff's Services").

14.     The HOT ROOM Mark has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.

15.     The HOT ROOM Mark was registered on April 7, 2015.

16.     Attached as **Exhibit 1** is a true and correct copy of the registration certificate for Plaintiff's United States HOT ROOM Mark.

17.     Plaintiff has used the HOT ROOM Mark in commerce throughout the United States continuously since at least as early as October 7, 2013, at least five (5) years before Defendant's use of the Mark, in connection with Plaintiff's Services. Attached hereto as **Exhibits 2 through 4** are representative samples showing Plaintiff's use of the HOT ROOM Mark in connection with Plaintiff's Services.

18.     Plaintiff is also the owner of common law rights in the HOT ROOM Mark through its continuous use of the HOT ROOM Mark in interstate commerce in connection with Plaintiff's Services.

19.    As a result of its widespread, continuous, and exclusive use of the HOT ROOM Mark to identify Plaintiff's Services and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the HOT ROOM Mark.

20.    Plaintiff's HOT ROOM Mark is distinctive to both the consuming public and Plaintiff's trade and the yoga industry.

21.    Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting Plaintiff's Services sold, promoted, and provided under the HOT ROOM Mark.

22.    As a result of Plaintiff's expenditures and efforts, the HOT ROOM Mark have come to signify the high quality of Plaintiff's Services designated by the HOT ROOM Mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

23.    Plaintiff has scrupulously and successfully enforced and protected its HOT ROOM Mark against past infringements.

24.    Upon information and belief, Defendant is engaged in the promotion, advertising, offering for sale, sale, and provision of yoga services ("Defendant's Services") that are identical to and directly competing with Plaintiff's Services that bear Plaintiff's well-known HOT ROOM Mark.

25.     Without Plaintiff's authorization, and upon information belief, beginning many years after Plaintiff acquired protectable exclusive rights in its HOT ROOM Mark, Defendant adopted and began using the HOT ROOM Mark in U.S. commerce.

26.     In June 2022, Plaintiff approached Defendant via a cease and desist letter regarding trademark infringement of the HOT ROOM Mark.

27.     Defendant conceded that they were infringing on Plaintiff's HOT ROOM Mark and agreed to enter into and comply with a settlement agreement that involved the immediate cessation of any and all use of the HOT ROOM Mark.

28.     After many months of negotiations via phone and email the parties had a deal in principal as the parties discussed final terms of the settlement agreement via a phone conference between respective counsel for the parties.

29.     On May 11, 2023, Defendant's counsel responded to Plaintiff's requested that Defendant return the executed agreement stating "Thanks, Kristin. We're on it." *See* **Exhibit 5**.

30.     Defendant's counsel then responds on May 25, 2023, after nearly 12 months of negotiations and discussions on the matter based on Defendant's good faith intent to enter into an agreement, stating that "[O]ur client [] is not willing to enter into any agreement at this time…" *See* **Exhibit 6**.

31.     Defendant led Plaintiff down a lengthy path that resulted in Plaintiff incurring substantial legal expenses, including but not limited to, the preparation and negotiation of a settlement agreement that Defendant, by and through counsel, time and again agreed to enter into before subsequently reneging on the negotiations and refusing to enter into any such agreement.

32.     Though Defendant has since changed its primary brand name from HOT ROOM ANN ARBOR to HOT YOGA ANN ARBOR, Defendant is still making a number of infringing uses of Plaintiff's HOT ROOM Mark, including but not limited to, on social media accounts, domain name registration, website content, the naming of mobile applications, business filings with the state of Michigan, and other online and/or digital uses.

33.     Plaintiff suspects that Defendant continues to use Plaintiff's HOT ROOM Mark at Defendant's physical brick and mortar location.

**B.     Defendant's Use of the HOT ROOM Mark**

34.     Upon information and belief, Defendant is in the same industry as Plaintiff and provides services identical to and directly competing with those that Plaintiff offers and in connection with which Plaintiff has registered the HOT ROOM Mark.

35.     Upon information and belief, Defendant has conducted business in Michigan wherein the advertising, marketing, promotion, and provision of

Defendant's Services occurs in physical brick and mortar locations and through its website located at www.hotroomannarbor.com that automatically redirects to www.hotyogaannarbor.com. A side-by-side comparison of Plaintiff's Services and Defendant's Services as shown below, evidencing clear infringement of Plaintiff's rights.

**Plaintiff's Use of the HOT ROOM Mark**   **Defendant's Infringing Use of the HOT ROOM Mark**



36.     Defendant is using a mark identical to the HOT ROOM Mark, and therefore, it is undeniably confusingly similar with the Plaintiff's HOT ROOM Mark.

37.     Upon information and belief, Defendant has been engaged in the provision, advertising, promotion, marketing, offering for sale, and sale of yoga instruction, yoga training, and related physical fitness services using the HOT ROOM Mark at least within the state of Michigan. Attached hereto as **Exhibits 7-12** are true and correct sample representations showing Defendant's infringing use of the HOT ROOM Mark.

38.     Upon information and belief, Defendant's acts are intentional and willful with the deliberate intent to trade on the goodwill of Plaintiff's HOT ROOM Mark, cause confusion and deception in the marketplace, and divert consumers and the sale of services to the Defendant.

39.     Defendant's acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
### Federal Trademark Infringement under 15 U.S.C. § 1114(1)(a)

40.     Plaintiff repeats and realleges paragraphs 1 through 39 hereof, as if fully set forth herein.

41.     Defendant's unauthorized use in commerce of the HOT ROOM Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's Services, and is likely to cause consumers to believe,

contrary to fact, that Defendant's Services are sold, provided, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

42.     Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the HOT ROOM Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

43.     Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

44.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## SECOND CLAIM FOR RELIEF
### Federal Unfair Competition under 15 U.S.C. § 1125(a)(1)(A)

45.     Plaintiff repeats and realleges paragraphs 1 through 44 hereof, as if fully set forth herein.

46.     Plaintiff owns all right, title, and interest in and to its HOT ROOM Mark, including but not limited to all common law rights in the mark that have existed since Plaintiff's first use of its HOT ROOM Mark since at least as early as 2013.

47.     Defendant's unauthorized use in commerce of the HOT ROOM Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's Services, and is likely to cause consumers to believe, contrary to fact, that Defendant's Services are sold, provided, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

48.     Defendant's unauthorized use in commerce of the HOT ROOM Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

49.     Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

50.     Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will

continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

52.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of this action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
### Violation of Michigan's Unfair Competition Statute under Section 445.903

53.     Plaintiff repeats and realleges paragraphs 1 through 52 hereof, as if fully set forth herein.

54.     Defendant's conduct is likely to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of its services.

55.     Defendant's conduct is likely to cause confusion or misunderstanding as to its affiliation, connection, or association with, or certification by or with Plaintiff.

56.     Defendant's conduct is likely to cause irreparable injury to Plaintiff, its reputation, and goodwill. Plaintiff had no adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of Defendant.

57.     Plaintiff is entitled to injunctive relief and actual damages against Defendant for its violations of Section 445.903.

## FOURTH CLAIM FOR RELIEF
### Michigan Common Law Trademark Infringement

58.     Plaintiff repeats and realleges paragraphs 1 through 57 hereof, as if fully set forth herein.

59.     Defendant's unauthorized use in commerce of the HOT ROOM Mark as alleged herein are likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's Services, and is likely to cause consumers to believe, contrary to fact, that Defendant's Services are sold, provided, authorized, endorsed or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

60.     Defendant's acts constitute trademark infringement in violation of Michigan common law.

61.     Defendant will continue such infringement unless enjoined by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

A.      That Defendant has violated Section 32 of the Lanham Act and Section 43(a) of the Lanham Act.

B.      Granting an injunction permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all those in active concert and participation with any of the

foregoing persons and entities who receive actual notice of the Court's order by

personal service or otherwise from:

> a.    engaging in any activity that infringes Plaintiff's HOT ROOM
>        Mark;
>
> b.    injuring Plaintiff's business reputation and goodwill associated
>        with the HOT ROOM Mark and from otherwise unfairly
>        competing, directly or indirectly, with Plaintiff;
>
> c.    making or displaying any statement, representation, or depiction
>        that is likely to lead the public or the trade to believe that (i)
>        Defendant's Services are in any manner approved, endorsed,
>        licensed, sponsored, authorized, or franchised by or associated,
>        affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's
>        Services are in any manner approved, endorsed, licensed,
>        sponsored, authorized, or franchised by or associated, affiliated,
>        or otherwise connected with Defendant;
>
> d.    registering or applying to register any trademark, service mark,
>        domain name, trade name, or other source identifier or symbol
>        of origin consisting of or incorporating the HOT ROOM Mark
>        or any other mark that infringes or is likely to be confused with
>        or is a counterfeit of the HOT ROOM Mark, or any of Plaintiff's
>        Services, or Plaintiff as their source; and
>
> e.    aiding, assisting, or abetting any other individual or entity in
>        doing any act prohibited by sub-paragraphs (a) through (d).

C.    Granting such other and further relief as the Court may deem proper to

prevent the public from deriving the false impression that any goods or services

manufactured, sold, distributed, licensed, marketed, advertised, promoted, or

otherwise offered or circulated by Defendant are in any way approved, endorsed,

licensed, sponsored, authorized, or franchised by or associated, affiliated, or

otherwise connected with Plaintiff or constitute or are connected with Plaintiff's Services.

D.     Directing Defendant to immediately cease all display, distribution, advertisement, marketing, promotion, sale, offer for sale and/or use, a counterfeit, copy, or any other mark that is a confusingly similar variation or colorable imitation of the HOT ROOM Mark and to immediately remove them from public access and view.

E.     In accordance with Section 36 of the Lanham Act, 15 U.S.C. § 1118, directing that Defendant, at its own expense, recall and deliver up to Plaintiff's counsel for destruction of any and all other goods, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that bear, contain, or display the HOT ROOM Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's HOT ROOM Mark, that are in Defendant's possession, custody, or control and all means of making the same.

F.     Ordering Defendant to make all books, records, including electronic records, and other documents concerning the manufacture, distribution, importation, advertisement, or sale of the Defendant's Services available to Plaintiff for review, and supply Plaintiff with a complete list of entities and persons from which Defendant purchased and to which Defendant distributed, provided, instructed, or

otherwise sold Defendant's Services or any other related services or products confusingly similar to Plaintiff's that otherwise bear, contain, or display Plaintiff's HOT ROOM Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's HOT ROOM Mark.

G.     Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

H.     Awarding Plaintiff, at Plaintiff's election, statutory damages of $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, pursuant to Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c).

I.     Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

J.     Awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all matters and issues triable by jury.

Respectfully submitted,

TAFT STETTINIUS & HOLLISTER LLP

Date: July 14, 2023           By:  */s/ Jordan S. Bolton*
                                   Jordan S. Bolton (P66309)
                                   27777 Franklin Road, Suite 2500
                                   Southfield, MI 48034
                                   Phone: (248) 727-1449
                                   Fax: (248) 351-3082
                                   jbolton@taftlaw.com

                                   Joshua F. Brown (IN Bar No. 26672-49)
                                   One Indiana Square, Suite 3500
                                   Indianapolis, IN 46204
                                   Phone: (317) 713-3403
                                   Fax: (317) 748-7815
                                   jbrown@taftlaw.com

                                   Kristin H. Hardy (OH Bar No. 99205)
                                   40 N. Main Street, Suite 1700
                                   Dayton, OH 45423
                                   Phone: (937) 641-2069
                                   Fax: (937) 228-2816
                                   khardy@taftlaw.com

                                   *Attorneys for Plaintiff*